IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-60-BO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>CAESAR MACK,<br>Defendant. | **O R D E R** |

This matter is before the Court on plaintiff's motion for default judgment, which is ripe for adjudication. For the reasons stated herein, plaintiff's motion is granted.

## BACKGROUND

The government initiated this action by filing a complaint in this Court on March 30, 2015, alleging that on November 7, 2007, defendant defaulted on loan obligations arising from the disbursement of loans by the United States Department of Education. The complaint alleged that defendant executed promissory notes to secure loans on October 1, 2002, and January 3, 2003, and that the loans were disbursed on February 21, 2003, in the amounts of $2,205.94 and $3,922.00 at 4.876% interest per annum. Following defendant's default, attempts to collect the debt were unsuccessful, and as of February 9, 2015, defendant owed $6,617.06 in principal and $2,257.83 in interest. Defendant was served with a copy of the complaint on April 2, 2015, via certified mail. No answer was filed, and the Clerk of Court entered default on August 6, 2015. Plaintiff has now moved for entry of default judgment.

## DISCUSSION

Upon entry of default, the facts alleged by plaintiff in its complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the Court

decides whether those admitted facts actually support the claim alleged and the relief sought when determining whether to enter default judgment. *Id.* Federal Rule of Civil Procedure 55(b) provides for the court's entry of default judgment against defendants who have failed to plead or defend their case. Though the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter defaults be avoided," *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted), default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.MD. 2005).

Here, defendant has filed no answer nor has he responded to any of the government attempts to recover the moneys owed. The Clerk entered default on August 6, 2015. Accordingly, the Court finds it proper to grant plaintiff's motion for default judgment.

## CONCLUSION

Plaintiff's motion for default judgment [DE 7] is GRANTED. It is hereby ORDERED that judgment by default is entered against defendant Caesar Mack for failure to answer in favor of plaintiff, the United States of America, in the principal amount of $6,617.06, with interest of $2,257.83 accrued as of February 9, 2015, plus interest accruing thereafter at 4.875% annually until the date of judgment, together with present and future costs and disbursements incurred by plaintiff in this action.

SO ORDERED, this 13 day of October, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2